Battersby v. The Mayor, etc. of the City of New York.

---

JENYNS C. BATTERSBY, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

(Decided February 5th, 1877.)

The duty of the corporation of the city of New York to keep the streets of the city free from snow and ice is not absolute and unqualified, and where an unusually large fall of snow occurs, the corporation will not, if it exercise reasonable diligence in removing it, be held liable where an accident occurs by reason of snow or ice not yet removed.

Where it appeared by the plaintiff's evidence that he had, in crossing a street in the city of New York, stepped upon a pile of mud, and had fallen, his foot slipping upon some slippery substance, supposed to have been ice, and it also appeared that the snow had fallen in unusually large quantities in the winter when the

Battersby v. The Mayor, etc. of the City of New York.

accident occurred; that there had been a very large snow-storm a few days before the accident, and also that during that winter the corporation had employed men almost every other day in cleaning the street: *Held*, that this evidence failed to show a case of negligence for which the city was responsible.

EXCEPTIONS ordered to be heard in the first instance at general term to a direction of Judge VAN BRUNT at trial term, dismissing the complaint.

The action was brought to recover damages for personal injuries suffered by the plaintiff in falling while crossing Nassau street in the city of New York, which fall it was alleged, resulted from the plaintiff's slipping on some ice which, by the defendant's negligence, had been allowed to remain in the street.

The complaint was dismissed on the ground that no notice to the defendant of the condition of the street had been shown.

*Chauncey Shaffer*, and *W. C. Reddy*, for appellant.

*W. C. Whitney*, for respondent.

CHARLES P. DALY, Chief Justice.—The exceptions should be overruled. All that is shown by the plaintiff's own testimony is that he was crossing from the easterly to the westerly side of Nassau street, about four o'clock in the afternoon of March 11, 1875, and when he got to the middle of the street, he put his foot on a pile of mud and his foot sunk in the mud, and slipped from under him, when he fell, breaking the outer bone of his leg, a short distance from the ankle joint. He thought that there was ice under the mud, and that it had melted a little or slowly by the warmth of the mud, but he did not see the ice; and even if he had, it would have made no difference. It was one of those ordinary accidents that may occur to any one in the streets, in winter, and for which no one is responsible. It appeared from the evidence, that in the winter of 1875, there was more than the usual number of snow-storms; and more snow than during any winter of late years; that every-

where on all the streets, there was a considerable accumulation of snow and ice ; and that three or four days before the accident, there had been a severe snow-storm.

To hold that the city authorities must, under all circumstances and at all times keep the street clear of any snow, ice or mud, would be unreasonable, especially in winters like this and the preceding one, where, through the constant occurrence of snow-storms, the streets of the city are in the condition that this street was in at the time of the accident. The evidence shows that there was a reasonable amount of vigilance shown on the part of the city authorities ; that this street—Nassau street—had sometimes been cleaned entirely off; that every other day there were cleaners in it; and that the snow was taken off and around this crossing ; that men were engaged cutting the ice and sweeping the street; that on the day in question, it was full of ice and slush about the crossing, or as another witness expresses it, " there was mud and slop in the street; it was a slippery day and there were lumps of ice in the street." In the neighborhood of this crossing it was in a bad condition, but the witness did not know how long. It appears further, as I have said, that there was a fall of snow a few days previous to the accident, and that persons were then employed cleaning the street, and that every other day persons were so engaged.

I do not think that the evidence was such as would justify a jury in finding that the plaintiff's accident was due solely to the negligence on the part of the defendant, and I think the motion to dismiss the complaint was properly granted.

ROBINSON and LARREMORE, JJ., concurred.

Exceptions overruled.